**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **RASHAD MARKIS. MAYO,**      )<br>    **PLAINTIFF,**            )<br>                 )<br>                 )<br>**v.**                        )<br>                 )<br>**TGM HONEY BROOK APARTMENTS LLC,** )<br>**JEFFREY M. ZWERDLING, INC. DBA**     )<br>**ZWERDLING, OPPELMAN, ADAMS & GAYLE** )<br>**and**                         )<br>**CHARLES A. ADAMS, ESQ. an individual**    )<br>    **DEFENDANTS.**             ) | **CASE #: 3:21-CV- 809 - HEH**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for his Complaint against the Defendants TGM Honey Brook Apartments LLC, Jeffrey M. Zwerdling, Inc. DBA Zwerdling, Oppelman, Adams & Gayle and Charles E. Adams, Esq., respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Rashad Markis. Mayo, an individual consumer, against Defendants, TGM Honey Brook Apartments LLC, Jeffrey M. Zwerdling, Inc. DBA Zwerdling, Oppelman, Adams & Gayle and Charles E. Adams, Esq. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. This is also an action for actual and punitive damages for Defendants TGM Honey Brook Apartments LLC, Jeffrey M. Zwerdling, Inc. DBA Zwerdling, Oppelman, Adams & Gayle and Charles E.

Adams, Esq.'s willful violation of the discharge order, 11 U.S.C. §524.  This is also a claim for actual and punitive damages for the state tort of abuse of process.

## JURISDICTION, VENUE, and JURY DEMAND

1. This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. §1692k and 28 U.S.C. §1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendants transact business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. See FRCP 38 and U.S. Const. Amend. VII.

## PARTIES

6. Plaintiff, Rashad Markis Mayo (hereinafter "Plaintiff") is a natural person and resides in Chesterfield, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. §1692a(3).

8. Plaintiff falls within the definition of a debtor pursuant to 11 U.S.C. §101(13).

9. Defendant TGM Honey Brook Apartments LLC (hereinafter "TGM"), is a Virginia corporation , engaged in the business of collecting debt in this Commonwealth.

10. TGM's principal office location is 11100 W BROAD ST, GLEN ALLEN, VA, 23060 - 5813.

11. TGM is registered with the Secretary of the Commonwealth of Virginia, has a registered agent, and may be served at the following: TGM Honey Brook Apartments LLC c/o JEFFREY BISGER, Member/Manager  11100 W BROAD ST GLEN ALLEN, VA 23060 - 5813

12. Upon information and belief, the principal business of TGM is a housing community in the East End of Henrico County.

13. Upon information and belief, TGM regularly rents apartments to consumers for residential living.

14. TGM is a "creditor" as defined by 11 U.S.C. § 101(10).

15. Defendant Jeffrey M. Zwerdling, Inc. DBA Zwerdling, Oppelman, Adams & Gayle (hereinafter "Z&O"), is a Virginia corporation, engaged in the business of collecting debts in this Commonwealth.

16. Z&O's principal office location is THE CORPORATE CENTRE, 5020 MONUMENT, AVENUE, RICHMOND, VA, 23230 - 3632.

17. Z&O is registered with the Secretary of the Commonwealth of Virginia, has a registered agent, and may be served at the following:   Jeffrey M. Zwerdling, Esq. THE CORPORATE CENTRE, 5020 MONUMENT AVENUE, RICHMOND, VA, 23230 - 3632.

18. Upon information and belief, the principal business of Z&O is the collection of debts.

19. Upon information and belief, Z&O regularly attempts to collect consumer debts alleged due to another.

20. Upon information and belief, Z&O is engaged in the collection of debts from consumers using the mails and telephone.

21. Upon information and belief, Z&O is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

22. Z&O is a "creditor" as defined by 11 U.S.C. § 101(10).

23. Defendant Charles E. Adams, Esq. (hereinafter "Adams"), is a Virginia attorney, employed by defendant Z&O and engaged in the business of collecting debts in this Commonwealth.

24. Adams' principal office location is THE CORPORATE CENTRE, 5020 MONUMENT AVENUE, RICHMOND, VA, 23230 - 3632.

25. Adams is not registered with the Secretary of the Commonwealth of Virginia, does not have a registered agent, and may be served at the following:  Charles E. Adams, Esq. c/o Zwerdling, Oppelman, Adams & Gayle, THE CORPORATE CENTRE, 5020 MONUMENT AVENUE, RICHMOND, VA, 23230 - 3632

26. Upon information and belief, the principal business of Adams is the collection of debts.

27. Upon information and belief, Adams regularly attempts to collect consumer debts alleged due to another.

28. Upon information and belief, Adams is engaged in the collection of debts from consumers using the mails and telephone.

29. Upon information and belief, Adams is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

30. Plaintiff incurred a debt with defendant TGM, for personal, family, or household use on or before July 19, 2020, bringing the debt in question within the Fair Debt Collection Practices Act.

31. On or about December 23, 2015 defendants, Z&O and Adams on behalf of defendant TGM filed an unlawful detainer in Henrico County General District Court case number GV15026911-00. See exhibit "A" – Civil Case Details for case GV15026911-00.

32. On or about January 21, 2016, defendants, Z&O and Adams on behalf of defendant TGM filed an unlawful detainer in Henrico County General District Court case number GV16001141-00. See exhibit "B" – Civil Case Details for case GV16001141-00

33. On or about February 12, 2016, defendants Z&O and Adams on behalf of defendant TGM was granted a default judgement against the Plaintiff in the principal amount of $800.00, costs 56.00, attorney's fees $75.00, other amount of $100.00 and interest of 6% from date of judgement. See Exhibit "B" – Civil Case Details GV16001141-00.

34. On or about February 19, 2016, defendants Z&O and Adams on behalf of defendant TGM was granted a default judgement against the Plaintiff in the principal amount of $750.00, costs 56.00, attorney's fees $75.00, other amount of $150.00 and interest of 6% from date of judgement. See Exhibit "A" – Civil Case Details GV15026911-00.

35. On or about February 25, 2016, defendants, Z&O and Adams on behalf of defendant TGM filed an unlawful detainer in Henrico County General District Court case number GV16003935-00. See exhibit "C" – Civil case detail for case GV16003935-00.

36. On or about March 18, 2016, defendants Z&O and Adams on behalf of defendant TGM was granted a default judgement against the Plaintiff in the principal amount of $750.00, costs 56.00, attorney's fees $75.00, other amount of $95.00 and interest of 6% from date of judgement. See Exhibit "C" – Civil Case Details GV16003935-00.

37. On or about February 7. 2019, defendants, Z&O and Adams on behalf of defendant TGM filed an unlawful detainer in Henrico County General District Court case number GV19002485-00. See exhibit "D" – Civil Case Detail for case GV19002485-00.

38. On or about March 22, 2019, defendants Z&O and Adams on behalf of defendant TGM was granted a default judgement against the Plaintiff in the principal amount of $555.37, costs

56.00, attorney's fees $138.84, and interest of 6% from date of judgement. See Exhibit "D" –
Civil Case Details GV19002485-00.

39. Plaintiff filed a Chapter 7 Bankruptcy in the Eastern District of Virginia, Richmond Division
Bankruptcy Court on July 19, 2020, case number 20-33002-KRH.

40. The debts went into default prior to the filing of the Bankruptcy.

41. Upon information and belief, defendant TGM assigned the debt to Z&O on or before July 19,
2020.

42. TGM and Z&O are listed and scheduled creditors in the Bankruptcy. See Exhibit "E" –
Schedule "F".

43. TGM received notice of the 341 meeting on July 19, 2020 by first class mail to their address,
which is listed with the Secretary of the Commonwealth's as their principal address of 11100
W BROAD ST, GLEN ALLEN, VA, 23060 - 5813. See Exhibit "F" – Certificate of Notice.

44. Z&O received notice of the 341 via electronic notice to +E-mail/Text:
bzwerdling@zandolaw.com on July 18, 2020 at 05:56:42 and identifying the defendant
ZWERDLING, OPPLEMAN & ADAMS, MONUMENT CORPORATE CENTER, 5020
MONUMENT AVENUE, RICHMOND, VA 23230-3635. See Exhibit "F" – Certificate of
Notice.

45. TGM received notice of the Discharge on October 24, 2020 by first class mail to their address,
which is listed with the Secretary of the Commonwealth's as their principal address of 11100
W BROAD ST, GLEN ALLEN, VA, 23060 - 5813. See Exhibit "G" – Discharge and
Certificate of Service.

46. Z&O received notice of the Discharge via electronic notice to Email/Text:
bzwerdling@zandolaw.com  on October 22, 2020 at 02:40:00 and identifying the defendant

ZWERDLING, OPPLEMAN & ADAMS, MONUMENT CORPORATE CENTER, 5020 MONUMENT AVENUE, RICHMOND, VA 23230-3635. See Exhibit "G" – Discharge and Certificate of Notice.

47. On or about May 25, 2021, defendants Z&O and Adams on behalf of defendant TGM filed a garnishment against the Plaintiff in the county of Henrico General District Court, case number GV15026911-01. See exhibit "H" – Civil Case Details for case GV15026911-01.

48. On or about August 13, 2021, defendants Z&O and Adams on behalf of defendant TGM released the garnishment. See Exhibit "H" – Civil Case Details for case GV15026911-01.  The garnishment was released.

49. On or about October 7, 2021, defendants Z&O and Adams on behalf of defendant TGM filed a garnishment against the Plaintiff in the county of Henrico General District Court, case number GV15026911-02. See exhibit "I" – Civil Case Details for case GV15026911-02. The garnishee, Navy Federal Credit Union, honored the garnishment, and held the contents of plaintiff's account.

50. On or about October 18, 2021, defendant Adams demanded payment on the discharged debt to stop the garnishment.

51. On or before October 18, 2021, plaintiff told defendant Adams that he had filed bankruptcy and that the debt was discharged. Again, defendant Adams told plaintiff to stop the garnishment he must pay, even though the debt was discharged in bankruptcy.

52. On or about October 18, 2021, plaintiff did not think that there was any other way to stop the garnishment and went to defendant Z&O's office and paid $1,535.00. See exhibit "J" – receipt of payment.

53. The receipt shows a balance due of $3,453.75, even though the debt is and was discharged in bankruptcy prior to any payment made.

54. On or about October 7, 2021, defendants Z&O and Adams on behalf of defendant TGM released the garnishment. See Exhibit "I" – Civil Case Details for case GV15026911-02. The garnishee, Navy Federal Credit Union, honored the garnishment, and held the contents of the plaintiff's account.

55. On or about October 19, 2021, defendant Adams sent a letter to the clerk stating that the debt was paid in full for case GV15026911-00. See exhibit "K" – Adams letter to clerk.

56. The purpose of the demand for payment by defendants Z&O and Adams was to "collect a debt" that was listed, scheduled, and discharged in bankruptcy.

57. Plaintiff experienced outrage and disappointment regarding the fact that he was led to believe that his "fresh start" would prevent such harassing and abusive demands for payment.

58. Plaintiff incurred attorney's fees in discussing with his attorney the fact that he believed that he owed a debt that was in fact, discharged in Bankruptcy.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692

59. Plaintiff restates and re-alleges all previous paragraphs herein.

60. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. § 1692 in the following manner:

      a.   Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692c(a)(2) by contacting the Plaintiff directly after they had actual knowledge that the consumer was represented by an attorney.

b. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692e, in that they used false, deceptive, and misleading representations in connection with the debt collection.

c. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692e(2), in that they falsely stated that the debt was valid as against the plaintiff in the collection of a consumer debt, when in fact, the debt is discharged in Bankruptcy.

d. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692e(4), in that they falsely stated that nonpayment of the debt would result in garnishment of the plaintiff's wages and/or bank account, when in fact, the debt is discharged in Bankruptcy.

e. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692e(5), in that they threatened to take an action when legally it cannot be taken, when in fact, the debt is discharged in Bankruptcy.

f. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692e(10), in that they used a false representation in the collection of a consumer debt or obtained information concerning a consumer, in the collection of a consumer debt.

g. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692f, in that they are using unfair or unconscionable means to collect or attempt to collect a debt that is discharged in Bankruptcy in the hopes that the Plaintiff would pay the discharged debt.

h. Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692f(1), in that they collected or attempted to collect an amount other than one authorized by

the agreement or permitted by law, in the collection of a consumer debt, as they were not entitled to any funds because the debt is discharged in Bankruptcy.

i.  Defendants Z&O and Adams have violated the FDCPA 15 U.S.C. §1692h, in that they must apply all payments, to all debts specified by the plaintiff and cannot apply any payments to any disputed debts, as they were not entitled to any funds because it was discharged in Bankruptcy.

61. Plaintiff is entitled to actual damages, statutory damages, attorney fees, and costs, pursuant to 15 U.S.C. §1692k(a).

## COUNT TWO:
## Violation of the Discharge Order, 11 U.S.C. §524

62. Plaintiff restates and re-alleges all previous paragraphs herein.

63. Defendants have WILLFULLY violated 11 U.S.C. §524 by collecting on a debt that they had actual knowledge was discharged in Bankruptcy.

64. Plaintiff is entitled to ACTUAL damages, PUNITIVE damages, attorney fees, and costs, pursuant to 11 U.S.C. §§524 & 105 for Defendant's WILLFUL violation of the Discharge Order.

## COUNT THREE

## Violation of the State Malicious Prosecution

65. Plaintiff restates and re-alleges all previous paragraphs herein.

66. The Virginia Supreme Court has held that Malicious Prosecution can be found in cases where

a.  The prosecution was set on foot by the defendant and it terminated in a manner not unfavorable to the plaintiff

b.  It was instituted by or prcured by the cooperation of the defendant

c.  It was without probable cause

    d.  It was malicious

    e.  In civil cases, the plaintiff must allege and prove arrest of the person, seizure of property or special injury incurred.  *Levine v. McLesky*, 881 F Supp 1030, 1051 citing *Ayyildiz v. Kidd*, 220 Va 1080, 1084, 266 SE 2d 108, 112 (1980)

    f.  The court continued "the law will infer malice form lack of probable cause" Id.

67. Defendant Adams violated the State Tort of Malicious Prosecution as Adams intentionally and deliberately misused the court process of garnishment in the General District Court of Henrico as he was not justified by the underlying civil default judgment as the Plaintiff had filed for Bankruptcy, received his discharge over a year prior to the garnishment was issued and all defendants received notice of the bankruptcy and the eventual discharge of the bankruptcy of the plaintiff.

68. The action was set afoot by the defendants for garnishment.

69. The garnishment was terminated favorably to the plaintiff.

70. It was instituted at the direction of defendant TGM to Z&O and Adams.

71. Malice can be found by the fact that the acts were barred by law and therefore no probable cause existed.

72. A seizure of the plaintiffs assets occurred.

73. Malice can be inferred from the fact that the seizure of assets was prohibited by law.

74. Defendants Z&O and Adams received actual notice of the Bankruptcy by electronic means, but filed a garnishment first at the plaintiff's place of employment, then filed another two (2) garnishments on his personal bank account for funds they were never entitled to, as the debt was and is discharged in Bankruptcy.

75. Defendants Z&O and Adams further abused the process by demanding payment and accepting payment from the plaintiff when they knew that the debt was discharged in bankruptcy.

76. Plaintiff is entitled to ACTUAL damages, PUNITIVE damages, COMPENSATORY damages, attorney fees, and costs, pursuant to State Tort Law for Defendant's WILLFUL violation of the of Malicious Prosecution.

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on his behalf for violations of the Fair Debt Collection Practices Act and the automatic stay of the Bankruptcy and the State Tort of Malicious Prosecution for actual damages, statutory damages, punitive damages, nominal damages, attorney fees, and costs.

**RASHAD MARKIS MAYO**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
1650 Willow Lawn Drive, Suite 300
Richmond, VA 23230
804.673.4358 phone
804.673.4350 fax